ISLER v. ISLER ET AL.

[70 South. 455.]

1. JUDGMENT. *Conformity to pleading. Deeds. Effect. Construction. Contracts. Intent. Signature and delivery. Presumption.*
   Where, in a suit by a divorced wife against her former husband and another, she alleged in her bill, that during the time of their married life she and her husband acquired title to the land in controversy, the deed being made jointly in their

names. That subsequently she joined her husband in a deed of the land to another. That she was induced to sign said deed, because she understood that it was necessary for her to do so in order that said deed should pass the interest of her said husband. But when she testified as a witness, complainant said that she was induced to sign the deed by the written agreement of her husband that she would receive one-half of the purchase price of the land. In such case the allegations of the bill did not correspond with the proof and she could not recover.

2. DEEDS. *Effect. Construction.*

The question whether a person who signs a deed, but is not named in it as grantor is bound by it, should be one of construction, to be determined by reference to the circumstances connected with the transaction, rather than by a fixed and arbitrary rule of law.

3. CONTRACTS. *Construction. Intent.*

If it appears by a contract that a party intends to bind himself, trivial inaccuracies will be disregarded and if the intention of the parties can be ascertained, courts will effectuate that intention.

4. DEEDS. *Construction. Signature and delivery. Presumption.*

By signing and delivering a deed, a party should be held presumptively to have assented to its provisions, or at all events, his intention should be considered so uncertain and ambiguous that the court should, by reference to all the circumstances not tending to contradict the deed, but to explain the conditions surrounding its execution, attempt to ascertain his meaning.

APPEAL from the chancery court of Tallahatchie county. HON. M. E. DENTON, Chancellor.

Bill by Mrs. Ida D. Isler against A. V. Isler and another. From a decree for defendants dismissing the bill, complainant appeals.

Appellant was complainant ln the court below, and appellees, A. V. Isler and H. L. Fox, were defendants. Complainant filed her bill in the chancery court of Tallahatchie county, Miss., in which she alleged that she was a resident of the city of Memphis, Tenn., that defendant Fox was a resident of Tallahatchie county, and that defendant Isler's residence was unknown. She alleged that

she and A. V. Isler had once been husband and wife, and that during the time of their married life she and her husband acquired title to a certain tract of land in Tallahatchie county, the deed being made jointly in their names. Subsequently it is shown that this land was sold to H. L. Fox for a consideration, payable in annual installments. The conveyance recited that A. V. Isler was the grantor. Ida D. Isler signed the instrment of conveyance with A. V. Isler, her husband, but A. V. Isler only acknowledged it; Mrs. Isler having failed to acknowledge it. She alleged in her bill that:

"She was induced to sign said deed, because she understood that it was necessary for her to do so in order that said deed should pass the interest of her said husband to H. L. Fox."

She claims that her husband's interest only passed, and that she still has an undivided one-half interest in the property, and that her interest in the property did not pass to Fox, and if it did pass, then she claims an undivided one-half interest in the purchase money and for an accounting from A. V. Isler for any part of the purchase money which he may have collected. She further averred that she had been advised that Fox had reconveyed the property to A. V. Isler in settlement of the notes. A. V. Isler answered, admitting that Fox had reconveyed the land to him, and denying that Mrs. Isler had ever had any interest in the property, and that she signed the deed of her own free will and accord, and that there was no understanding that she was to share in the purchase money. He admitted that the property was held in their joint names, but alleged that it had been purchased with his own money and was in fact his property. After hearing the proof, the chancellor dismissed the bill, and complainant appeals.

*Dinkins & Caldwell,* for appellant.

The case of *Catlin* v. *Ware,* 9 Mass. 218, 6 A. D. 56, is one of the early, and is usually referred to as one of the

leading cases on the subject. In that case the question was presented as to whether or not a deed of the husband's land, signed by both husband and wife, the wife not being mentioned in the deed as a grantor, barred her right or dower in the land. Quoting from the statement of facts, i. e:

"Upon the trial the deed was produced but the demandant's appeared only after the signature of her husband, and nowhere in the deed were there any words purporting or implying a release of her dower."

Quoting next from the opinion:

"A deed cannot bind a party sealing it, unless it contains words expressive of an intention to be bound. In this case whatever may be conceived of the intention of the demandant in signing and sealing the deed, there are no words implying her intention to release her claim of dower in the lands conveyed, which must have been to give it that operation. It was merely the deed of the husband, and the wife is not barred by it of her right to dower."

We will not undertake to cite the thousands of cases holding as in *Catlin* v. *Ware,* but the line of decisions is unanimous and practically unbroken down to the present time. We will content ourselves with referring to a few special decisions that should be sufficient to satisfy the court fully as to the correctness of our contention. *Fite* v. *Kenemer,* 7 So. 920; *Bank* v. *Rice,* 4 How. U. S. 225, 11 L. Ed. 249; *Harrison* v. *Simons,* 55 Ala. 510; *Madden* v. *Floyd,* 69 Ala. 221; *Bly* v. *Dargin,* 68 Ala. 370; *Davidson* v. *Cox,* 20 So. 500; *Johnson* v. *Goff,* 22 So. 995; "Where there are no grantors there is no remedy even in equity." 10 Ohio R. 305. To the same effect see *Batchelor* v. *Brereton,* 28 Law Ed. (U. S.) 748.

The text in 13 Cyc. 540 says: "A deed signed and acknowledged by persons not named therein as grantors is not their deed, and if it is signed and sealed by two, only one of whom is described in the instrument as the grantor, it is the deed of that one only. A deed

signed by a part of those named in it is good as to those
signing it.''

In *Cornando* v. *Wright*, 159 Cal. 610, 115 Pac. 227,
Ann. Cas. 1912 C., 1044, which was an action to recover
damages for trespass alleged to have been committed on
plaintiff's land and which involved the question of the
effect of a deed executed by John and Catherine Mc-
Donold, husband and wife, to the county of  Sonoma,
purporting to convey land to be used as a public high-
way, the deed was · .gned and acknowledged by both
the husband and wife, and others, but the wife's name,
who was the owner ·,f a one-half undivided interest there-
in, was not mentioned in the granting clause.

The court, in the above case, reviews at some length
the authorities upon the question involved, holding that
the deed did not effect the interest of the wife, Catherine
McDonald, who, though she signed and acknowledged it,
was not mentioned in the granting clause, and citing: 13
Cyc. 621; *Agricultural Bank* v. *Rice, supra; Batchelor* v.
*Brereton, supra; Adams* v. *Medsker*, 25 W. Va. 127;
*Harrison* v. *Simons*, 55 Ala. 510; *Gaston* v. *Weir*, 84 Ala.
193; *Johnson* v. *Goff*, 116 Ala. 648; *Peabody* v. *Hewett*,
52 Me. 33.; *Cox* v. *Wells*, 7 Blackf. (Indiana) 410; *Cat-
lin* v. *Ware*, 9 Mass. 218; *Lufkin* v. *Curtis*, 13 Mass. 233;
*Merrill* v. *Neilson*, 18 Minn. 366; *Stone* v. *Sledge*, 87 Tex-
as 49; *McFarland* v. *Febigers*, 7 Ohio (Pt.1) 194; *Banks-
ton* v. *Crabtree Col. Min. Co.*, 95 Ky. 455.

The supreme court of Mississippi has not left us in
doubt about this question but has clearly and distinctly
held in the cases of *Marx* v. *Jordan*, 84 Miss. 334 and
*Mills-Guy Co.* v. *Dickerson*, 94 Miss. 874, and in the re-
cent case of *Manasco* v. *State*, 62 So. 427, that a convey-
ance signed by a person whose name does not appear
in the granting clause is the conveyance alone of those
who are described therein as grantors.

In the case of *Dinkins* v. *Latham*, 45 So. 60, (Ala.) the
court expressly approves those decisions, holding that
the mere signature of one to a deed who is not named

in the granting clause is not the deed of such person, but
holds that it is the right and duty of the court to scrut-
inize the instrument carefully and that if anything can
be found therein indicating a purpose on the part of
such signer to be bound, and, as in that case, finding that
the notes, though signed alone by Mrs. Dinkins, the
proper grantor, contained an endorsement upon them
in writing, by the husband, that he had consented to her
signature thereto. This, with the use of the word "our"
in the testimonium clause and the signature of both the
wife and husband thereto was held sufficient to ex-
press the husband's assent as required in the statute
aforesaid. But, commenting on the other cases, Tyson,
C. J. uses this language: "It would be a violation of
the natural interpretation of language to interpolate
another name into the enumeration merely because the
name is signed at the foot of the instrument."

We will not quote further from the language of the
court in that case. The reasoning is clear and satisfac-
tory that the express consent of the husband to the sig-
nature of the notes of the wife and his signature to the
instrument under the words, "Witness our hands and
seal," and his acknowledgment that he signed and sealed
the instrument clearly indicated an intention on his
part to join therein and be bound thereby.

The only case brought to our attention in which it has
been directly held that the signing and delivery of a
deed by one not named therein as the grantor binds such
person, is that of *Sterling* v. *Parks*, (Georgia), 58 S. E.
828, also reported in 13 L. R. A. (N. S.), 298 and 12 A.
& E. Ann. Cas. 201, but in the extensive and voluminous
notes in the two volumes last mentioned, it is clearly and
distinctly declared that the decision is against the weight
of authority.

*R. L. Cannon,* for appellee.

The evidence fully warranted the finding of the follow-
ing fact by the chancellor: The complainant, Mrs. Ida

D. Isler, appellant here, voluntarily signed and delivered the deed to H. L. Fox, intending thereby to convey to said Fox, her interest in said land. Indeed, this proposition is beyond controversy, being established by the testimony of both appellant and appellee.

The evidence fully warranted the finding of this further fact by the chancellor. Said purchase money notes executed by said H. L. Fox in payment for said land and the deed of trust securing them were given to appellee, A. V. Isler, with the free consent of appellant, and with the intention on her part that said appellee should be the sole and unconditional owner of said notes.

Notes and mortgages given to the husband with the free consent of the wife in payment for lands purchased from the wife become his property. 21 Cyc. 1300.

One who signs and delivers a deed, though not named therein as a grantor, is still bound as a grantor, and the deed is operative as a conveyance of his estate. *Armstrong* v. *Stovall,* 26 Miss. 275; *Sterling* v. *Park* (Ga), 12 Ann. Cas. 201; *Elliott* v. *Sleeper,* 2 N. H. 525; *Ingoldsby* v. *Juan,* 12 Cal. 564; *Hrouska* v. *Janke,* 66 Wis. 252, 28 N. W. 166; 3 Washburn on Real Property, 2120; 1 Devlin on Deeds, sec. 204 & note; *Hargis* v. *Ditmore,* 86 Ky. 653, 7 S. W. 141; *Peter* v. *Byrne,* 175 Mo. 233, 75 S. W. 433, 97 Am. St. Rep. 576; *Johnson* v. *Montgomery,* 51 Ill. 185; *Dentzel* v. *Waldie,* 30 Cal. 138; *Pease* v. *Bridge,* 49 Conn. 58; *Evans* v. *Summerlin,* 19 Fla. 858; *Woodward* v. *Seaver,* 38 N. H. 29; *Clark* v. *Clark,* 16 Or. 224, 18 Pac. 1; *Ochoa* v. *Miller,* 59 Tex. 460; *Morgan* v. *Snodgrass,* 49 W. Va. 387, 38 S. E. 695; *Friedenwald* v. *Mullan,* 10 Heisk (Tenn.) 226.

The signing and delivery of a deed by one who is not designated in the body thereof as the grantor, will estop such person to deny the execution of such deed.

The signing, delivery and acknowledgment by a husband of a deed conveying his wife's separate property will estop him from setting up any claim to the property against the grantee, although he is not designated as

grantor in the body of the deed. *Stone* v. *Montgomery,* 35 Miss. 107.

A wife by signing a deed executed by her husband conveying his property, wherein she is not designated as grantor, is estopped to dispute the grantor's title to the property. *Gates* v. *Card,* 93 Tenn. 334, 24 S. W. 486.

Where one signs and delivers a deed, but is not designated as a grantor in its body, the instrument, though it may be inoperative as a legal conveyance, constitutes a valid contract to convey, and the grantee receives the equitable title to the premises. *Rushton* v. *Davis* (Ala.), 28 So. 476.

Appellee is not precluded from relying in this case on the estoppel of appellant to deny the execution of the deed to H. L. Fox, signed by her. Where it is necessary to plead estoppel (as estoppel of record), defendant need not plead such matter of estoppel where the failure to plead it is waived by plaintiff by proceeding with the trial of the case without objection. 16 Cyc. 809.

Where it is necessary to plead estoppel (as estoppel of record), if the allegations amount to an estoppel, it is sufficient, although the estoppel is not pleaded in so many words. 16 Cyc. 810.

Estoppel *in pais* need not be pleaded. 16 Cyc. 806; *Turnipseed* v. *Hudson,* 50 Miss. 435.

The judgment appealed from is presumed to be right until, by affirmative showing on the record, the contrary is established. 3 Cyc. 275; *Scharff* v. *Chaffee,* 68 Miss. 641, 9 So. 897; *Smith* v. *Berry,* 1 S. & M. 321.

"It is well settled that the decree of the court below must be regarded as presumptively correct, and that we will not be warranted in reversing on the facts, unless convinced that it is opposed to the preponderance of the evidence." *Jones* v. *Bank,* 71 Miss. 1023, 16 So. 344; *Allen* v. *Smith,* 72 Miss. 689, 18 So. 579.

On appeal the judgment will be presumed to have been fully supported by express findings which are not in the record. That sufficient findings to support the judg-

ment were made will be implied if the record does not show that they were not or could not, upon the issue and the evidence, have been made; and in order to sustain the judgment, additional findings to those shown in the record, which may be supported by the evidence upon the issues, may be presumed to have been made. 3 Cyc. 311.

COOK, J., delivered the opinion of the court.

The bill of complaint sets out that the complainant, appellant here, signed the deed because she was advised that it was necessary to do so in order that her husband, the real grantor, should effectually convey his interest in the land to the grantee. When complainant testified as a witness in her own behalf, she said that she was induced to sign the deed by the written agreement of her husband that she would receive one-half of the purchase price of the land. In other words, she testified that she owned a one-half interest in the land, and her husband owned the other half interest, and that the legal title to an undivided one-half interest was vested in her because she had furnished a part of the money to buy the land. So, it appears that she has alleged one thing and proven a different thing. The *allegata* and the *probata* do not correspond. If she signed the deed for the reasons given in her testimony, she certainly intended to convey her interest in the land in consideration of the agreement that one-half of the proceeds of the purchase-money notes, executed by the grantee, would be paid to her. The deed in question is, in form, practically a statutory deed. It is true that the name of appellant does not appear in the premises of the deed, and the name of her husband does, but it is also true that neither the name of herself nor her husband appears in the granting clause of the deed, but they both signed the instrument. Appellant did not acknowledge the deed; why she did not do so does not appear. If she is to be believed, it was her intention to convey her interest in the land for the reasons above stated. The testimony of appellant

does not vary or contradict the terms of the deed itself. The meaning of the instrument is somewhat doubtful, but the testimony of appellant removes all obscurity, and she will not be heard to complain that the chancellor took her word for the facts on that score. She makes clear her reason for signing the deed, and thereby destroyed her chance for recovery.

We quote with approval the following from Devlin on Deeds, Vol. 1, sec. 204, especially the last sentence, as applicable to this controversy, viz.:

"The question whether a person who signs a deed, but is not named in it as grantor is bound by it should, in the author's judgment, be one of construction, to be determined by reference to the circumstances connected with the transaction, rather than by a fixed and arbitrary rule of law. In several of the cases that have been cited in the preceding sections, the decision of the court was based upon the ground that a wife could not relinquish her right of dower, unless the conveyance contained apt words expressive of such an intent, and that by merely signing a deed in which she was not mentioned, her claim of dower remained unaffected. Possibly, a distinction can be drawn between such cases and cases where the party signing was under no disability. The general rule for construing all contracts is that if it appears by a contract that a party intends to bind himself, trivial inaccuracies will be disregarded, and if the intention of the parties can be ascertained, courts will effectuate that intention. Now, if a party signs a deed, he must do it for some purpose. It is in practice the general custom for deeds to be drawn by others than the parties to them. The scrivener may have omitted the name of the grantor, or by mistake may have inserted a wrong name. If such should be the case, and a party should sign a deed, intending to bind himself, all parties supposing he had executed an effectual conveyance, is it reasonable to say that the deed is nugatory because the party signing was not named in the conveyance? The fact that

he signs and delivers the deed should be entitled to greater consideration, in determining whether he intended to convey his title, than the writing of his name in the deed by some one else. It has been objected to this view that the relations between the parties are to be determined from the language of the deed, and if that shows an intended contract between a party who does not execute the instrument, the party who does sign cannot be bound, because he is, so far as the deed itself evinces the intention of the parties, a person with whom no contract was intended to be made. But assuming that such an instrument shows that the contract was originally intended to be made between certain persons, and that is all that can be claimed, such an intention may subsequently have been altered. If the name of the party originally mentioned in the deed should be erased and the name of the party signing substituted, there can be little question that the party whose name was substituted and who executed the instrument, would be firmly bound by the instrument. If he signs the instrument, though his name is not substituted or mentioned at all in the deed, should not some effect be given to his act? We think so. While it may well be that in such a case he should not be conclusively bound, yet we think that by his signature and delivery of the deed, he should be held presumptively to have assented to its provisions, or, at all events, that his intention should be considered so uncertain and ambigious that the court should, by reference to all the circumstances not tending to contradict the deed, but to explain the conditions surrounding its execution, attempt to ascertain his meaning.''

The evidence for appellee is to the effect that appellant signed the deed for the purpose of conveying her legal title in the land to the grantee, and that she understood that appellee would receive all of the purchase money. The chancellor evidently believed that the facts were as stated by appellee.

*Affirmed.*